UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>OSCAR MADRIGAL,<br>Defendant. | Case No. 18-cr-00356-EJD-3 (VKD)<br><br>**DETENTION ORDER** |

On December 17 and 20, 2019, the Court held bail review hearings on a December 2, 2019 violation notice submitted by Pretrial Services with respect to defendant Oscar Madrigal. Dkt. Nos. 94, 97. Mr. Madrigal was present at both hearings and represented by counsel. Pretrial Services recommended that Mr. Madrigal be remanded to custody, and the government concurred. Mr. Madrigal opposed remand. For the reasons stated on the record during the hearing and as set forth below, the Court finds that remand is warranted here. This decision may be appealed to the presiding judge, the Honorable Edward Davila.

## I. BACKGROUND

Mr. Madrigal is charged in an indictment with two counts of sale of a firearm to a felon and aiding and abetting the sale of a firearm to a felon. Dkt. No. 1 (counts 4, 10). Following his initial appearance in this case, Mr. Madrigal was released from custody on October 17, 2018 pursuant to a $100,000 unsecured bond and several special conditions of release, including a requirement that he not use or possess any narcotic or controlled substance without a legal prescription. Dkt. No. 19.

On August 12, 2019, Mr. Madrigal pled guilty to to count four of the indictment pursuant to a plea agreement. Dkt. Nos. 75, 76. He was not detained at that time but was permitted to

remain out of custody under supervision by Pretrial Services. *Id.*

On October 9, 2019, Pretrial Services reported to the Court that Mr. Madrigal violated the terms of his release conditions concerning the prohibited use of controlled substances on several occasions in August and October 2019. The Court took judicial notice of the violations and admonished Mr. Madrigal. Dkt. No. 86.

On December 2, 2019, Pretrial Services again reported that Mr. Madrigal violated his release conditions by testing positive for cocaine and THC on November 18, 2019, a test result that was subsequently confirmed by Alere Toxicology Services. Mr. Madrigal denies intentionally using either controlled substance, although he was unable to account for the positive test results.

Mr. Madrigal is due to be sentenced on February 3, 2020.

## II. LEGAL STANDARDS

Mr. Madrigal pled guilty to a felony offense for which the maximum term of imprisonment is 10 years. In these circumstances, the law requires that Mr. Madrigal be detained pending sentencing, unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(a)(1). Mr. Madrigal bears the burden of demonstrating that he is not likely to flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 46(c); *see United States v. McCarns*, No. 2:08-CR-00116-KJM, 2014 WL 1247732, at *4–5 (E.D. Cal. Mar. 25, 2014).

## III. DISCUSSION

Mr. Madrigal argues that he is neither a flight risk nor a danger to the community. He acknowledges that he has a substance abuse problem, but emphasizes that the treatment and counseling he is currently receiving would likely not be available to him if remanded to custody. He insists that he did not intentionally use any controlled substances. He speculates that he may have received medication for an arm laceration that contained a chemical that produces a positive test result for cocaine. He also speculates that the CBD he ingested may not have been free of THC.

Pretrial Services advises that Mr. Madrigal has not been candid about his recent drug use.

Pretrial Services does not believe Mr. Madrigal is capable of adequate supervision, given his repeated violations of his release conditions and his current failure to even acknowledge use of controlled substances. Pretrial Services recommends that the Court remand Mr. Madrigal to custody for that reason. The United States also advocates for remand based on Mr. Madrigal's continued use of controlled substances and Pretrial Services' concerns about supervision.

Mr. Madrigal has not provided a credible explanation for his recent positive drug test. He also has not shown by clear and convincing evidence that his release on the existing conditions, or with enhanced drug testing, will reasonably assure the safety of others and the community pending his sentencing. Since the Court set release conditions in October 2018, Mr. Madrigal has failed to comply on several occasions, and the Court weighs heavily Pretrial Services' representation that adequate supervision of Mr. Madrigal will not be possible if he remains out of custody. Accordingly, the Court concludes that it is unable to impose any conditions of release for Mr. Madrigal that will reasonably assure the safety of other persons and the community and his appearance for court proceedings.

**IV.    CONCLUSION**

Defendant Oscar Madrigal is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Madrigal shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Madrigal to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: December 23, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge