DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JOHN C. BOSTIC (CABN 264367)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    john.bostic@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 18-CR-00356-003 EJD |
|     Plaintiff, | ) |
| | ) UNITED STATES'S RESPONSE TO |
|   v. | ) DEFENDANT'S MOTION FOR |
| | ) COMPASSIONATE RELEASE FROM CUSTODY |
| OSCAR MADRIGAL JR., | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| _____ | ) |

1    Defendant Oscar Madrigal Jr. is currently serving a custodial sentence of one year and one day

2    for his conviction for sale of a firearm and ammunition to a felon in violation of 18 U.S.C. § 922(d)(1).

3    Defendant is housed at Santa Rita Jail, with an anticipated release date of October 17, 2020.  He seeks

4    relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or home confinement.  (ECF No. 129).  For the reasons

5    set forth below, if the Court finds that Defendant is suffering from one or more medical conditions that

6    make him more vulnerable to becoming seriously ill should he contract COVID-19, the government

7    does not oppose modification of Defendant's sentence with appropriately restrictive conditions.

8                                                    **BACKGROUND**

9    Defendant was arrested and charged after selling firearms and ammunition to a felon.  Defendant

10   originally came into contact with federal law enforcement through an associate, and subsequently sold

11   two firearms and dozens of rounds of ammunition to an individual he knew to be a felon during two

12   controlled buys.  Specifically, on June 23, 2017, Defendant met with a buyer to sell him a handgun in

13   exchange for $1300.  During that transaction, the buyer informed Defendant that he was a felon.  After

14   completing the sale, Defendant told the buyer he could get more firearms if needed.  The handgun was

15   later identified as an Israel Military Industry Desert Eagle .357 caliber pistol.  Also included in the sale

16   were approximately 50 rounds of .357 caliber ammunition.  Later, on October 5, 2017, Defendant sold

17   an Intratec model TEC22 .22 caliber pistol to that same buyer during a similar transaction.

18   Defendant was indicted along with three codefendants.  (ECF No. 1).  The Indictment charged

19   Defendant with two counts of sale of a firearm to a felon in violation of 18 U.S.C. § 922(d)(1) (Counts 4

20   and 10).  On August 12, 2019, Defendant pleaded guilty to Count 4 in the Indictment pursuant to a plea

21   agreement.  (ECF Nos. 75 and 76).  On February 2, 2020, the Court sentenced Defendant to a year plus a

22   day in custody.  (ECF Nos 111, 112).

23   Defendant has been in custody since he was remanded on December 20, 2019.  Defendant has

24   not yet been assigned to a BOP facility, and has been serving his sentence at Santa Rita Jail.  The

25   government understands that, on May 5, 2020, Defendants submitted a request to BOP through his

26   counsel seeking compassionate release under section 3582(c).  The following day, BOP responded to

27   defense counsel indicating that, because Defendant is not in BOP custody, BOP cannot evaluate him for

28

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE FROM
CUSTODY
                                                    1

1  compassionate release and would not be seeking a motion for compassionate release on his behalf.

2  Defendant's current projected release date is October 17, 2020.

3                                    **ARGUMENT**

4  **I.    APPLICABLE LAW**

5          The Court may modify a defendant's sentence under limited circumstances set forth in 18 U.S.C.

6  § 3582.  As relevant here, the Court, "upon motion of the defendant after the defendant has fully exhausted

7  all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

8  behalf," "may reduce the term of imprisonment (and may impose a term of probation or supervised release

9  with or without conditions that does not exceed the unserved portion of the original term of imprisonment),

10 after considering the factors set forth in section 3553(a) to the extent that they are applicable" if the Court

11 "finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is

12 consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.

13 § 3582(c)(1)(A).

14         The pertinent policy statement is set forth at United States Sentencing Guidelines (USSG)

15 § 1B1.13.  In that section, the Sentencing Commission stated that "extraordinary and compelling reasons

16 exist under any of the circumstances set forth below":

17      (A)    **Medical Condition of the Defendant.**—

18             (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced
                      illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e.,
19                    a probability of death within a specific time period) is not required.  Examples
                      include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-
20                    stage organ disease, and advanced dementia.

21             (ii)   The defendant is—

22                    (I)     suffering from a serious physical or medical condition,

23                    (II)    suffering from a serious functional or cognitive impairment, or

24                    (III)   experiencing deteriorating physical or mental health because of the aging
                              process,
25
                      that substantially diminishes the ability of the defendant to provide self-care
26                    within the environment of a correctional facility and from which he or she is not
                      expected to recover.
27

28
   GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE FROM
   CUSTODY
                                         2

(B)     **Age of the Defendant** — The Defendant is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the ageing process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment; whichever is less.

(C)     **Family Circumstances.** —

(i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or the registered partner.

USSG § 1B1.13 cmt. n.1

In this case, the Court has authority to grant relief under the statute. As described above, Defendant has not been assigned to a BOP facility yet and, as such, cannot be considered for compassionate release through BOP. Defendant received correspondence from BOP confirming this fact on May 6, 2020. The government understands that under these circumstances, BOP considers Defendant to have exhausted his administrative remedies for purposes of seeking relief under section 3582, and the government agrees.

Defendant asserts that he suffers from severe obesity and hypertension placing him at high risk of severe illness if infected with COVID-19. As an initial matter, general hypertension does not appear to be a condition listed by the CDC as conveying an increased risk of severe illness should a patient contract COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. The CDC's webpage listing conditions requiring additional precautions does include "serious heart conditions" such as "heart failure, coronary artery disease, congenital heart disease, cardiomyopathies, and pulmonary hypertension." *Id.* However, it is unclear from Defendant's submission whether he suffers from *pulmonary* hypertension or another form. Accordingly, this condition may not provide a sufficient basis for Defendant's compassionate release request.

In contrast, the government notes that "severe obesity" is listed among the health conditions that the CDC has determined carry an increased risk of severe illness in connection with COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. According to Defendant's brief, he is six feet tall and weighs 292 pounds, resulting in a BMI (body mass

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

3

index) of 39.6.  The CDC defines the term "severe obesity" as applying to individuals with a BMI of 40 or above.  *See* https://www.cdc.gov/obesity/adult/defining.html.  The government understands that Defendant is approximately three pounds under this threshold.[1]  The government is not aware of specific guidance from CDC addressing the risk that COVID-19 poses to individuals just under the severe obesity limit, but the defense has presented authority from other sources suggesting that obesity under the CDC's "severe" threshold may nonetheless increase risk of complications and hospitalization from the illness.  In light of Defendant's proximity to the increased risk category identified by the CDC, the government would not contest a finding by the Court that Defendant suffers from a health condition qualifying him for compassionate release.

This Court may not reduce Defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  USSG § 1B1.13.  Here, Defendant was convicted of engaging in illegal sales of firearms—conduct that is inherently dangerous.  However, the government notes that Defendant engaged in no violent or threatening actions during the course of the charged conduct, and that his criminal history does not contain any convictions for violent offenses or other victim-based crimes.  Accordingly, the government does not contend that Defendant is a danger to the community for purposes of this motion.

Finally, any compassionate-release decision—even for a statutorily eligible defendant—must also consider the factors under 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Here, the government notes that Defendant received a relatively short sentence, and has approximately four months remaining.  Additionally, the government notes that, because Defendant has not been assigned to a BOP facility—and is unlikely to be assigned to a facility during the remainder of his sentence—the government understands that he is ineligible for other relief that BOP would have discretion to grant, such as early release to home confinement.  Thus, the relevant section 3553(a) factors support a request for release to home confinement.

In sum, given the circumstances here, the government does not oppose a modification of Defendant's sentence should the Court find that Defendant's medical conditions place him at elevated risk of becoming

---

[1] *See* https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

4

1  severely ill if he contracts COVID-19.  If the Court is inclined to grant Defendant's requested relief, the

2  government respectfully requests that the Court impose appropriately restrictive conditions as set forth

3  below.

4  **II.     IF THIS COURT MODIFIES DEFENDANT'S SENTENCE, IT SHOULD DO SO WITH
        APPROPRIATELY RESTRICTIVE CONDITIONS**

5

6          If the Court is inclined to grant Defendant's motion for compassionate release, this Court should

7  substitute a term of probation or supervised release with a condition of home confinement for the

8  duration of Defendant's current sentence of imprisonment (until October 17, 2020), to be followed by

9  the term of supervised release with conditions as ordered by the Court at Defendant's original

10 sentencing hearing.  Defendant has served approximately fifty percent of a sentence that already

11 represented a significant variance down from Defendant's guidelines range of 21-27 months.  In light of

12 that fact, the government submits that releasing Defendant outright would not appropriately re-balance

13 the § 3553(a) factors of this case, particularly given that the present conditions caused by the pandemic

14 are likely impermanent—public reporting indicates that various medical professionals globally are in the

15 process of developing a vaccine and researching other methods of combatting the disease in the coming

16 months.  *See, e.g.*, https://www.nih.gov/news-events/news-releases/nih-clinical-trial-investigational-

17 vaccine-covid-19-begins.]

18         In order to minimize risks to public health, the government also respectfully requests that the

19 Court order any release only after Defendant's full release and travel plans are in place and approved by

20 Probation if needed, and set any release fourteen days from the date of its order to allow the facility

21 where he is housed to quarantine Defendant prior to his release to protect the community from potential

22 further spread.

23                                          **CONCLUSION**

24         Defendant does not present a danger to the community and the re-balancing of the Section

25 3553(a) factors warrant the Court reducing Defendant's sentence to time-served.  Moreover, the Court

26 may find that the Defendant suffers from a medical condition that, combined with the COVID-19

27 pandemic, constitutes an extraordinary and compelling reason supporting his request for release.  Should

28

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE FROM
CUSTODY

the Court make such a finding, the government does not oppose Defendant's motion, and respectfully requests the Court substitute a term of supervised release with a special condition of home confinement for the duration of Defendant's current sentence of imprisonment (until October 17, 2020), to be followed by the term of supervised release with conditions as ordered by the Court at Defendant's original sentencing hearing.

DATED:  June 9, 2020                              Respectfully submitted,

                                                 DAVID L. ANDERSON
                                                 United States Attorney

                                                   /s/
                                                 JOHN C. BOSTIC
                                                 Assistant United States Attorney

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY